UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

DARRYL BINDON                          CIVIL ACTION NO. 3:14-cv-1815
    LA. DOC #118798
VS.                                    SECTION P

                                       JUDGE ROBERT G. JAMES

KEVIN COBB, ET AL.                     MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff Darryl Bindon, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on Jun 24, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC); he is incarcerated at the Franklin Parish Detention Center (FPDC) and he complains that his requests to attend the funerals of family members who died between 2012-2014 were denied, as were his requests for transfer to another facility. He sued Sheriff Cobb and Wardens Lee, Emfinger and Griffen seeking a transfer to another facility and punitive and compensatory damages for pain and suffering. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in the custody of the DOC. He arrived at FPDC, his present place of confinement, in April 2012. At that time he became aware of prison policy which would permit his attendance at the funeral of immediate family members. Notwithstanding that policy and his

requests, plaintiff was not allowed to attend the funerals of six members of his immediate family who passed away between 2012 and 2013 because each of the funerals was held out-of-state.

As a result, in February 2014 plaintiff submitted a grievance and requested a transfer to another prison. Notwithstanding their promises to transfer plaintiff to another facility, he has yet to be transferred.

### Law and Analysis

#### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

2

*2. Funeral Attendance*

Plaintiff complains that he was not allowed to attend the funeral of his kinfolk.  Congress

enacted 42 U.S.C. § 1983 as "a species of tort liability in favor of persons who are deprived of

rights, privileges, or immunities secured to them by the Constitution." *Memphis Community Sch.*

*Dist. v. Stachura*, 477 U.S. 299, 305-06, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).   Indeed,

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall  be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. §
> 1983.

Thus, to state a cause of action under 42 U.S.C. § 1983, the plaintiff must plead various

elements including, the deprivation of a clear right, privilege or immunity secured to the plaintiff

by the Constitution of the United States of America. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct.

1789, 114 L.Ed.2d 277 (1991); *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61

L.Ed.2d 433 (1979) ("inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a

'right secured by the Constitution and the laws'"). In addition, a plaintiff needs to establish that

the act or omission by the defendant was intentional or at least deliberately indifferent to the

Constitutional or Federal law rights of the plaintiff. *Griffith v. Johnston*, 899 F.2d 1427, 1435

(5th Cir.1990); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir.1992)

(deprivation can result from tortious conduct exceeding mere negligence but not quite rising to

the level of intentional, e.g., deliberate (or conscious) indifference, recklessness or gross

negligence), *reh'g granted* and opinion vacated by *Doe v. Taylor Independent School District*,

987 F.2d 231 (5th Cir.1993), on rehearing, *Doe v. Taylor Independent School District*, 15 F.3d

443, 450 (5th Cir.1994).  Finally, the plaintiff must show that he suffered actual injury. *Memphis*

*Community School District v. Stachura*, 477 U.S. 299, 308, 106 S.Ct. 2537, 2543, 91 L.Ed.2d

249 (1986) (where there is no injury present, no compensatory damages can be awarded).

      To the extent that plaintiff claims that he is entitled to judgment simply because he was

not allowed to attend the funerals of his family, he fails to state a claim for which relief may be

granted  because  he cannot establish the existence of a constitutional right. *See Verrone v.*

*Jacobson*, No. 95 CIV. 10495(LAP), 1999 WL 163197, at *5 (S.D.N.Y.1999) (noting that "a

prisoner does not have a protected right to attend the funeral of a relative"); *Butler v. Snyder*, 106

F.Supp.2d 589 (D.Del.,2000);  *Green v. Coughlin*, 1995 WL 498808, at *1 (S.D.N.Y. Aug. 22,

1995) ("Generally, prison inmates do not have a constitutionally protected right under § 1983 to

attend a funeral ..."); *Colon v. Sullivan*, 681 F.Supp. 222, 223 (S.D.N.Y.1988) (holding that

denying a prisoner the opportunity to attend a relative's funeral does not violate a constitutionally

protected liberty interest); *Mercer v. Green Haven Correctional Facility*, 1998 WL 85734

(S.D.N.Y.,1998).  Further, to the extend that the prison may have violated their own stated

policy, such a claim fails because it does not rise to the level of a Constitutional violation.

      Plaintiff's claim that he was deprived of a Constitutionally protected right when prison

officials did not allow him to attend funerals is frivolous.

### 3. Title 42 U.S.C. §1997e

      In addition, plaintiff's complaint is frivolous because he seeks damages for mental

distress without having alleged any prior physical injury.  Title 42 U.S.C.§1997e(e),

provides"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or

4

other correctional facility, for mental or emotional injury suffered while in custody without a

prior showing of physical injury."

The " 'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but

need not be significant.' " *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar*

*v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)) (alteration in original).

Here, plaintiff has alleged no physical injury, nor can the undersigned imagine any

physical injury which could have resulted from the facts alleged and therefore his claim is

frivolous.

*4. Transfer*

Plaintiff also suggests that he is entitled to transfer to another facility. Plaintiff is an

inmate in the custody of the DOC.  Under Louisiana law, "any individual subject to confinement

in a state adult penal or correctional institution shall be committed to the Louisiana Department

of Public Safety and Corrections and not to any particular institution within the jurisdiction of the

department. The director of corrections shall assign each newly committed inmate to an

appropriate penal or correctional facility. The director may transfer an inmate from one such

facility to another, insofar as the transfer is consistent with the commitment and in accordance

with treatment, training and security needs established by the department..." La. R.S.15:824(A).

Plaintiff is a DOC inmate and therefore his placement is solely within the purview of the

DOC. Broad discretionary authority must be afforded to prison administrators because the

administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v.*

*McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold  that any

substantial deprivation imposed by prison authorities triggers the procedural protections of the

Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).  Thus, to the extent that plaintiff request a transfer to another prison, his claim is frivolous.

### *Conclusion and Recommendation*

   **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

   Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

   **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days**

6

following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),

shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. See

*Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, August 25, 2014.

_____

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**